In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00009-CR**
**NO. 09-24-00010-CR**
**NO. 09-24-00011-CR**

_____

**DEAMONTE ANTWOAN CHOPANE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 23DCCR0991, 23DCCR0992, 23DCCR0993**

**MEMORANDUM OPINION**

A grand jury indicted Appellant for three offenses, Evading Arrest Detention with a Motor Vehicle, a third-degree felony, Aggravated Robbery with a deadly weapon, a first-degree felony, and Unauthorized Use of a Motor Vehicle, a state jail felony. *See* Tex. Penal Code Ann. §§ 38.04(b)(2)(A); 29.03; 31.07. Chopane waived his right to a jury trial, pleaded guilty to each offense, and elected to have the trial court assess his punishment. After a hearing, the trial court sentenced Chopane to

ten years for Evading Arrest Detention with a Motor Vehicle, twenty-five years for Aggravated Robbery, and two years for Unauthorized Use of Motor Vehicle, and ordered the sentences to run concurrently.[1] Chopane timely appealed his three convictions.

On appeal, Appellant's court-ordered attorney filed briefs stating that he has reviewed the cases and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Chopane to file pro se briefs, and we received no response from Chopane.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record in each case and counsel's briefs, and we have found nothing that would arguably support an appeal in these cases. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of

---

[1]In the aggravated robbery case, the trial court made an affirmative finding that Chopane had a deadly weapon, namely a firearm.

2

Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[2]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on July 22, 2024
Opinion Delivered July 31, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[2]Chopane may challenge our decision in these cases by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.